I respectfully dissent because there is a final appealable order in both of these consolidated appeals.
The first case was filed as a class action against four defendants, but was never certified as one. Plaintiff was granted leave to file a (second) amended complaint to list all the plaintiffs, but counsel filed it one day after leave to do so expired. The trial court, however, subsequently declined to dismiss the amended complaint. Even if plaintiffs did not properly move for summary judgment against each of the subsequently named plaintiffs, the trial court dismissed each defendant and the case, with prejudice.
Appeal No. 76802 is from the grant of summary judgment to defendants in two consolidated cases. On July 12, 1999 in Case No. CV-315703, the court dismissed (1) Biskind with prejudice, (2) Gaujean with prejudice; and (3) the case with prejudice. On July 15, 1999, the court also noted in consolidated Case No. CV-328878 (the transferred Shaker municipal case with two additional plaintiffs) that it journalized its rulings on this consolidated case in the earlier filed case and stated "case dismissed with prejudice." The trial court may (or may not) have erred in dismissing the defendants and the case, but its rulings disposed of the entire action. There is a final appealable order in Appeal No. 76802.
Appeal No. 77623 is from a series of post-judgment motions to vacate the above summary judgment orders. The motions were filed in a similar piecemeal fashion as the motions for summary judgment. This court remanded the matter to the trial court several times for rulings on these motions. The trial court ruled as follows:
 (1) On September 16, 1999 "All motions have been ruled on. Case dismissed with prejudice. Case returned to the court of appeals due to final appealable order."
 (2) On January 7, 2000 "All motions have been ruled on and there are no pending matters before this court. Case to be returned to court of appeals or dead files if court of appeals will not hear appeal. Final."
 (3) On February 9, 2000 "All motions for relief from judgment pursuant to Civ.R.60(B), and 60(A) filed 07/23/99, 8/6/99[,] 8/10/99 and 8/11/99 are denied. No just cause for delay.
In short, two defendants were dismissed with prejudice and the case was then dismissed with prejudice. The trial court thereafter denied all the post-judgment motions. Each order concerning the dismissal with prejudice and denial of relief is final and appealable. We have jurisdiction and should address the merits of the parties' arguments.